UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANKLIN BEAVERS, TOBY JONES, JEFFERY LATTA, ADAM LOFTON, and JASON MCKINNEY** | **CIVIL ACTION NO. 25-1120-JWD-EWD** |
| | **JUDGE deGRAVELLES** |
| **VERSUS** | **MAG. JUDGE WILDER-DOOMES** |
| **VERTIV CORPORATION, d/b/a VERTIV GROUP CORPORATION, and ELECTRICAL RELIABILITY SERVICES, INC.** | |

## PRELIMINARY INJUNCTION

Considering the *Verified Petition for Declaratory Judgment, Temporary Restraining Order, Preliminary and Permanent Injunctions and Other Relief* and motion for preliminary injunction and expedited hearing (by December 22, 2025) thereon of Plaintiffs, Franklin (Wayne) Beavers ("Beavers"), Toby Jones ("Jones"), Jeffery Latta ("Latta"), Adam Lofton ("Lofton"), and Jason McKinney ("McKinney") (collectively "Plaintiffs"), the arguments of counsel, law, and evidence, the Court finds the following agreements constitute employment agreements within the meaning of La. R.S. § 23:921(A)(2):

1. Beavers' "Confidentiality, Noncompetition, Nonsolicitation, and Intellectual Property Agreement" with Vertiv Group entered on or about October 22, 2021, submitted as Exhibit A to the *Verified Petition* (the "Beavers Agreement") (Rec. Doc. 1-1, page 32),

2. Jones' "Confidentiality, Noncompetition, Nonsolicitation, and Intellectual Property Agreement" with Vertiv Group entered on or about May 16, 2018, submitted as Exhibit B to the *Verified Petition* (the "Jones-Vertiv Agreement") (Rec. Doc. 1-1, page 43),

1

3. Jones' "Non-Competition and Non-Solicitation Agreement" with ERS entered on or about June 26, 2016, submitted as Exhibit C to the *Verified Petition* (the "Jones-ERS Agreement") (Rec. Doc. 1-1, page 54),

4. Latta's "Confidentiality, Noncompetition, Nonsolicitation, and Intellectual Property Agreement" with Vertiv Group entered on or about August 10, 2022, submitted as Exhibit D to the *Verified Petition* (the "Latta-Vertiv Agreement") (Rec. Doc. 1-1, page 60),

5. Latta's "Agreement Not to Compete" with ERS entered on or about January 17, 2012, submitted as Exhibit E to the *Verified Petition* (the "Lata-ERS Non-Compete Agreement") (Rec. Doc. 1-1, page 71),

6. Latta's "Non-Solicitation Agreement" with ERS entered on or about January 17, 2012, submitted as Exhibit F to the *Verified Petition* (the "Latta-ERS Non-Solicitation Agreement") (Rec. Doc. 1-1, page 74),

7. Lofton's "Confidentiality, Noncompetition, Nonsolicitation, and Intellectual Property Agreement" with Vertiv Group entered on or about December 6, 2018, submitted as Exhibit G to the *Verified Petition* (the "Lofton Agreement") (Rec. Doc. 1-1, page 77),

8. McKinney's "Confidentiality, Noncompetition, Nonsolicitation, and Intellectual Property Agreement" with Vertiv Group entered on or about October 1, 2018, submitted as Exhibit H to the *Verified Petition* (the "McKinney-Vertiv Agreement") (Rec. Doc. 1-1, page 88), and

9. McKinney's "Non-Competition and Non-Solicitation Agreement" with ERS entered on or about December 11, 2014, submitted as Exhibit I to the *Verified Petition* (the "McKinney-ERS Agreement") (Rec. Doc. 1-1, page 100).

The Court further finds that Plaintiffs have satisfied their burden of showing irreparable injury absent preliminary injunctive relief, a substantial likelihood of success on the merits, no adequate remedy at law, the balance of hardships favors issuance of the requested preliminary injunction, and that granting the injunction will not disserve the public interest.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that Plaintiff's motion for a preliminary injunction is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that for the pendency of this action, a preliminary injunction is hereby entered enjoining and prohibiting Defendants, and all others acting in concert with them, from attempting to evade this Court's jurisdiction over the matters addressed in this case through any action taken outside of this case to initiate another lawsuit in another court seeking enforcement of the above-described Agreements (Exhibits A-I to the Petition), including the (A) Beavers Agreement (Exhibit A); (B) Jones-Vertiv Agreement (Exhibit B); (C) Jones-ERS Agreement (Exhibit C); (D) Latta-Vertiv Agreement (Exhibit D); (E) Latta-ERS Non-Compete Agreement (Exhibit E); (F) Latta-ERS Non-Solicitation Agreement (Exhibit F); (G) Lofton Agreement (Exhibit G); (H) McKinney-Vertiv Agreement (Exhibit H); and (I) Mc-Kinney-ERS Agreement (Exhibit I); and from taking any action outside the proceedings of this Court calculated to enforce any choice of forum or choice of law clause contained in the agreements comprising Exhibits A-I to the Petition (listed above) in this matter or any non-compete or non-solicitation of customers provisions contained therein.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that in accordance with Federal Rule of Civil Procedure 65(c), Plaintiffs shall furnish security in the amount of $___100.00_____.

4915-1163-5331 v1

IT IS FURTHER ORDERED that the status conference set for January 28, 2026 is CANCELED.

Issued this 26th day of January, 2026, at 9:00 o'clock a.m., in Baton Rouge, Louisiana.

_____
JUDGE, UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

4915-1163-5331 v1